Case 3:25-cv-00050-JHY-JCH   Document 24   Filed 01/09/26   Page 1 of 14
Pageid#: 423

CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
January 09, 2026
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| Kathy Jean Campbell, | ) |
| Appellant, | ) |
| v. | ) Case No. 3:25-cv-00050 |
| Julie A. Garrett, | ) |
| Appellee. | ) |

**MEMORANDUM OPINION**

Appellant Kathy Jean Campbell, proceeding *pro se*, appeals an order issued by the United States Bankruptcy Court for the Western District of Virginia granting Appellee Julie A. Garrett's motion for summary judgment. (Dkt. 1.) In its summary judgment order, the bankruptcy court held that the judgment debt owed by Campbell to Garrett was nondischargeable as a matter of law under 11 U.S.C. § 523(a)(4). (Dkt. 3 at 88–94.) For the following reasons, the court will affirm the bankruptcy court's order and dismiss this appeal.

**I.   Background**

**A. Factual History[1]**

Around August 2018, Garrett, a real estate "selling agent," entered an oral agreement with Campbell, a real estate broker, and "Settle Down Real Estate, LLC," a Virginia limited liability company of which Campbell was the sole member, owner, and manager.[2] (Dkt. 3 at

---
[1] The following facts were set forth in Garrett's initial state-court complaint and later deemed admitted and established by the Rappahannock County Circuit Court. (Dkt. 3 at 67–69.)
[2] Settle Down Real Estate is not a party to these proceedings, as the LLC was cancelled, suspended, or revoked for non-payment of annual fees as of September 2019. (Dkt. 3 at 51 (referencing State Corporation Commission records); *id.* at 91.)

24, 51–52.) Pursuant to the agreement, Campbell and Settle Down Real Estate were to pay Garrett ninety percent of gross real estate commissions on sales made through Garrett's efforts. (*Id.* at 52.) The existence of such agreement was evidenced by the parties' "course of dealing," including several instances in 2018 and 2019 in which Campbell paid Garrett ninety percent of the commissions on a closed transaction. (*Id.* at 52–53.) But after several of Campbell's checks bounced, Garrett terminated "her association with Campbell and Settle Down Real Estate" in late 2019. (*Id.* at 53.) Following the termination of the business relationship, Campbell refused to pay Garrett real estate commissions for three "transactions in which [Garrett] was the selling agent but were pending or which went to settlement/closing shortly prior to or after the termination date." (*Id.* at 53–54.)

**B. Procedural History**

On December 6, 2019, Garrett filed a complaint in the Circuit Court of Rappahannock County against Campbell and Settle Down Real Estate.[3] (Dkt. 3 at 51, 56.) The complaint alleged breach of contract and conversion claims for Campbell's alleged refusal to pay Garrett her commissions for three real estate transactions. (*Id.* at 51, 53–55.) Garrett also alleged that, on information and belief, Campbell had converted the funds for her own benefit and use. (*Id.* at 55.) Garrett demanded actual damages totaling $33,049.75, plus $100,000 in punitive damages. (*Id.* at 56.)

Garrett later moved for sanctions and default judgment against Campbell. (*Id.* at 67.) The state court found that Campbell had neither served any responses to Garrett's first

---

[3] Campbell argues for the first time in her motion to vacate the bankruptcy court's summary judgment order that service of process of Garrett's state-court complaint was insufficient. (Dkt. 3 at 112.)

discovery request nor complied with a March 9 court order compelling discovery and attorney's fees. (*Id.*) The state court noted that Campbell and Settle Down Real Estate "were duly served with notice of the entry" of the March 9 order, notice of Garrett's motion for sanctions, and notice of a hearing on June 19 via certified mail.[4] (*Id.*) Accordingly, on July 2, 2020, the state court ordered default judgment and imposed sanctions against Campbell, finding "that by the evidence . . . [Campbell and Settle Down Real Estate] are justly indebted to [Garrett]" in the total amount of $33,049.75 for actual damages, plus additional fees. (*Id.* at 68.) In granting default judgment to Garrett, the state court ordered that "all of the facts in the Complaint are deemed admitted and established for the purpose of" the state court action. (*Id.*) Campbell did not appeal this judgment. (*Id.* at 71.)

On February 6, 2025, Garrett initiated an adversary proceeding in the U.S. Bankruptcy Court for the Western District of Virginia pursuant to 28 U.S.C § 157(b)(2)(I). (*Id.* at 22–38, 43.) Her complaint alleged that, pursuant to subsections 523(a)(2)(A), (a)(4), and (a)(6) of the Bankruptcy Code, the debt Campbell owed to Garrett was nondischargeable. (*Id.* at 22.) Garrett contended that Campbell should be estopped from relitigating the elements necessary to consider the debt nondischargeable under the statutory provisions. (*Id.* at 25.) The complaint requested, among other relief, an order "exempting [Campbell's] July 2020 Judgement debt from discharge" pursuant to 11 U.S.C. § 523. (*Id.* at 26.)

Campbell responded about a month later with a motion to dismiss the complaint, (*id.* at 39–40), which the court denied in April of 2025, (*id.* at 41–45). Campbell answered the

---

[4] Garrett argues in her opening appellate brief that she "never received notice of [a] March 9, 2020 hearing" before the state court. (Appellant Br. at 2 (Dkt. 10).) She also asserts that "no return of service exists" because "the judgment was only mailed by counsel." (*Id.* at 3.)

complaint on April 28, 2025, denying that she had committed any fraud, embezzlement, or willful misconduct. (*Id.* at 47–49.) On May 13, 2025, Garrett moved for summary judgment on her claims that the debt was nondischargeable due to Campbell's fraud, conversion, and embezzlement. (*Id.* at 70–87.) Garrett asserted that "[t]he only possible issue of fact in this Adversary Proceeding that is not barred by *res judicata* or collateral estoppel is whether or not the judgment order in the State Court proceeding is valid." (*Id.* at 73.) Campbell did not file a response to Garrett's motion for summary judgment. On May 22, 2025, the bankruptcy court held a hearing on the motion for summary judgment, at which Campbell, Garrett, and counsel for Garrett appeared. (Dkt. 6.)

### C. Bankruptcy Court Opinion and Appeal

On June 4, 2025, the Honorable United States Bankruptcy Judge Rebecca B. Connelly granted Plaintiff Garrett's motion for summary judgment. (Dkt. 3 at 88–94.) In its memorandum opinion, the court found that Garrett is entitled to judgment as a matter of law that "the defendant, Kathy Jean Campbell, is precluded from contesting the nondischargeability of the judgment debt she owes to the plaintiff, Julie A. Garrett," and that "the debt is nondischargeable pursuant to section 523(a)(4) of the Bankruptcy Code." (*Id.* at 88.)

The bankruptcy court concluded that the "uncontested facts which give rise to the debt Ms. Campbell owes to Ms. Garrett align squarely with the federal common law of embezzlement," such that the debt falls into the § 523(a)(4) exception for embezzlement. (*Id.* at 93.) Specifically, the court pointed to the fact that Campbell lawfully received real estate commissions on the transactions with Garrett, and that Campbell retained the funds for her

own use rather than disbursing 90% of each commission pursuant to the parties' agreement—all facts deemed admitted by the state court in its July 2 order. (*Id.*) Next, the bankruptcy court held that the state court's entry of default judgment "for fraud, breach of fiduciary duty, [and] conversion/*embezzlement*" precluded Campbell from contesting the dischargeability. (*Id.* (alteration in original) (emphasis added).) Preclusion applies, the court reasoned, because "the facts on which the state court judgment debt is based include facts showing the necessary elements to except the debt from discharge based on embezzlement." (*Id.* at 93–94.)

On June 18, 2025, Campbell filed a notice of appeal in this court. (Dkt. 1 at 1.) Specifically, she appealed the June 4 order "granting the Plaintiff's motion for summary judgment." (Dkt. 1-2 at 1.) Campbell filed her initial brief two months later.[5] (Appellant Br. at 3 (Dkt. 10).) In the brief, Campbell raises three issues on appeal: (1) whether the bankruptcy court erred in granting summary judgment, (2) whether the state court default judgment is "void for lack of jurisdiction due to defective service and absence of notice" to Campbell, and (3) whether the bankruptcy court's "reliance on a void state judgment as the sole basis for nondischargeability under 11 U.S.C. § 523(a)(4)" violated Campbell's due process rights. (*Id.* at 1.) Campbell asks this court to reverse the May 22 summary judgment order, vacate the judgment of nondischargeability, and remand for further proceedings. (*Id.* at 3.) Garrett filed a response brief on August 25, 2025. (Appellee Br. (Dkt. 11).) Campbell replied on September 8, 2025. (Appellant Reply (Dkt. 12).)

---

[5] The Honorable United States Magistrate Judge Joel C. Hoppe granted Campbell's motion to accept her opening brief as timely filed. (Dkt. 22.)

The week after filing a notice of appeal, on June 23, Campbell filed a motion to vacate. (Dkt. 3 at 112–14.) Campbell asked the bankruptcy court to vacate its June 4 order granting summary judgment to Garrett "on the grounds that the underlying state court default judgment upon which summary judgment was based is void for lack of proper service and personal jurisdiction." (*Id.* at 112.) After both parties filed several briefs in response to Campbell's motion to vacate, (*id.* at 104–11, 118–49), the bankruptcy court issued a July 1 order deferring consideration of the motion to vacate pending disposition of the appeal, (*id.* at 166–68).

Federal Rule of Bankruptcy Procedure 8009 provides that the record on appeal from a bankruptcy court "must include: the docket entries kept by the bankruptcy clerk; items designated by the parties; the notice of appeal; the judgment, order, or decree being appealed; . . . [and] any opinion, findings of fact and conclusions of law relating to the issues on appeal, including transcripts of all oral rulings." Fed. R. Bankr. P. 8009. However, this rule "does not permit items to be added to the record on appeal to the district court if they were not part of the record before the bankruptcy court." *Stephenson v. United States Dep't of Educ./Nelnet*, No. 1:17-cv-262, 2018 WL 1585671, at *3 (M.D.N.C. Mar. 28, 2018) (quoting *In re Thomas*, No. 3:06-cv-00037, 2008 WL 112042, at *3 (W.D. Va. Jan. 9, 2008)). Although the parties included the briefs on Campbell's motion to vacate in the record on appeal, these filings were not before the bankruptcy court when deciding Garrett's motion for summary judgment. Because Campbell appeals only the summary judgment order, this court will not consider the subsequent motion to vacate filings, as they are not properly before the court. *See Gallagher v.*

*Cohen*, 659 B.R. 57 (D. Md. 2024) ("Generally, the district court may only consider that evidence presented to the bankruptcy court and made part of the record." (cleaned up)).

Garrett also filed a motion to expedite dismissal of the appeal on September 8, 2025. (Dkt. 13.) Campbell did not file a response to the first motion, and Garrett renewed her motion to expedite on September 26, 2025. (Dkt. 15.) In her second motion, Garrett seeks expedited dismissal of the appeal and a sanctions award of "double [] costs and expenses," which are set forth in a declaration of attorney's fees. (Dkt. 15 at 7; *see* Dkt. 15-1 at 1.) Campbell filed a response in opposition to Garrett's renewed motion to expedite and for sanctions on September 29, 2025. (Dkt. 18.)

## II.     Standard of Review

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 158(a)(1), which grants federal district courts jurisdiction to hear appeals from the final judgments, orders, and decrees issued by the federal bankruptcy courts. A district court sitting in review of a bankruptcy appeal applies the same standard of review that an appellate court uses to review a district court proceeding. *See* 28 U.S.C. § 158(c)(2) (providing that a bankruptcy appeal "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts"). Accordingly, the district court exercises *de novo* review of the bankruptcy court's conclusions of law and applies the more deferential "clear error" standard to review the bankruptcy court's findings of fact. *In re Taneja*, 743 F.3d 423, 429 (4th Cir. 2014). The district court "may affirm, modify, or reverse a bankruptcy court's judgment, order, or decree or remand with instructions for further proceedings." *In re Evans*, No. 5:22-

cv-00026, 2023 WL 2571854, at *4 (W.D. Va. Mar. 20, 2023) (quoting *Harman v. Levin*, 772 F.2d 1150, 1153 n.3 (4th Cir. 1985)); *In re White*, 128 F. App'x 994, 999 (4th Cir. 2005).

Rule 56 of the Federal Rules of Civil Procedure applies to motions for summary judgment filed in bankruptcy proceedings. Fed. R. Bankr. P. 7056. Thus, the bankruptcy court shall grant summary judgment "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" if "a reasonable jury could return a verdict for the non-moving party." *Knibbs v. Momphard*, 30 F.4th 200, 213 (4th Cir. 2022). When determining whether a genuine issue of material fact exists, the court views the facts in the light most favorable to the nonmoving party and draws all reasonable inferences in their favor. *Glynn v. EDO Corp.*, 710 F.3d 209, 213 (4th Cir. 2013).

Pursuant to 11 U.S.C. § 727(b), the court may discharge a debtor's debts "[e]xcept as provided in section 523 of this title." Section 523(a) of the Bankruptcy Code delineates the specific debts that are excepted from discharge in a bankruptcy case. One of these exceptions is "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." 11 U.S.C. § 523(a)(4).

### III. Analysis

**A. Preclusive Effect of the State Court's Default Judgment Order**

The primary issue presented in this case is whether the bankruptcy court erred in granting summary judgment to Garrett on the issue of whether Campbell's debt was nondischargeable under 11 U.S.C. § 523(a)(4). Campbell argues that the bankruptcy court's judgment should be reversed because she "received no notice of the March 2020 hearing [in

- 8 -

Rappahannock County Circuit Court], and no return of service exists." (Dkt. 10 at 3.) Thus, she asserts, the "void" state court judgment cannot have a preclusive effect on the bankruptcy proceeding. (*Id.*) Campbell also directly asks this court to review whether "the Rappahannock Circuit Court judgment is void for lack of jurisdiction due to defective service and absence of notice to Appellant." (*Id.* at 1.)

When reviewing a bankruptcy court's decisions, "[t]he district court is limited to considering only that evidence presented to the bankruptcy court and made a part of the record." *Hamlett v. Ocwen Fed. Bank, FSB*, 286 B.R. 835, 837 (W.D. Va. 2002), *aff'd sub nom.*, *In re Hamlett*, 47 F. App'x 672 (4th Cir. 2002). "The general rule, with some exceptions, is that you cannot raise an issue for the first time on appeal." *In re Webb*, 48 B.R. 454, 456 (Bankr. E.D. Va. 1985) (collecting cases); *Holly Hill Farm Corp. v. United States*, 447 F.3d 258, 267 (4th Cir. 2006). Campbell challenged the validity of state court service of process and notice *for the first time* in her motion to vacate the summary judgment order. (Dkt. 3 at 112–14.) This motion to vacate was filed on June 23, 2025, (*id.*)—almost a week after Campbell filed the notice of appeal from the bankruptcy court's summary judgment order, (*id.* at 14), and over five years after the state court issued its initial default judgment order resolving the state court proceeding, (*id.* at 67–68).

Prior to the bankruptcy court's summary judgment order, Campbell did not raise before the bankruptcy court any challenges to the service of process or notice that was provided in the state court proceedings. Specifically, when responding to Garrett's bankruptcy court complaint alleging nondischargeability, Campbell did not mention any procedural issues with the state court judgment in either her motion to dismiss, (*id.* at 39–40), or her answer, (*id.*

- 9 -

at 47–49). In fact, she did not even file a brief in response to Garrett's motion for summary judgment. At the hearing on Garrett's motion for summary judgment, Campbell stated that "as far as there was a judgment put on [her] in the [state] court, through [her] belief, [she] was not there." (Dkt. 6 at 6.) However, Campbell did not once contest or raise the service of process of Garrett's state court complaint issue, nor did she assert insufficient notice of the March 2020 hearing prior to the bankruptcy court's resolution of Garrett's summary judgment motion.

While *pro se* litigants' filings are afforded a liberal construction, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), courts should not "permit . . . fleeting references to preserve questions on appeal." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *see id.* (refusing to "strain judicial resources by requiring [the lower court] to explore exhaustively all potential claims of a *pro se* plaintiff," or "transform the [lower] court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party"). Because Campbell did not raise the issues of state court service of process before the bankruptcy court in response to Garrett's motion for summary judgment, they are not a part of the record on appeal and are not properly before this court. *See Zeno v. Dep't of Educ.*, No. MJM-22-2389, 2024 WL 1329298, at *1 n.1 (D. Md. Mar. 28, 2024) (refusing to consider an issue that appellant raised on appeal in the district court because "the Bankruptcy Court did not make a determination regarding this issue, and it is not before this Court on appeal"); *Saadein-Morales v. Westridge Swim & Racquet Club, Inc.*, No. 1:24-cv-1442, 2025 WL 799511, at *3 (E.D. Va. Feb. 26, 2025) ("[A]ny complaint against [defendant] for its

- 10 -

alleged debt collection practices was not at issue before the bankruptcy court and, therefore, is not properly before this Court.").

Moreover, even if the court were to exercise its discretion to consider this argument raised for the first time on appeal, *In re Lambert Oil Co., Inc.*, 347 B.R. 508, 520 (W.D. Va. 2006), the *Rooker-Feldman* doctrine would prevent this court from reviewing the state court judgment. This doctrine generally prohibits "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *T.M. v. Univ. of Md. Med. Sys. Corp.*, 139 F.4th 344, 349 (4th Cir. 2025) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). The doctrine also applies to prevent bankruptcy courts from sitting in direct review of state court judgments. *See In re Murrell*, No. 13-32400, 2014 WL 1675753, at *5 (Bankr. W.D.N.C. Apr. 28, 2014) ("It is well established that the *Rooker-Feldman* Doctrine bars lower federal courts, such as this Bankruptcy Court, from sitting in direct review of state court judgments.") (collecting cases); *In re Keeeler*, 273 B.R. 416, 422 (Bankr. D. Md. 2002) (affirming the bankruptcy court's holding that the *Rooker-Feldman* doctrine prevents it from reviewing state court judgments, "even for alleged jurisdictional deficiencies").

Campbell's appeal asks this court to review alleged procedural errors or deficiencies in the Rappahannock Circuit Court's default judgment order. It also challenges the bankruptcy court's summary judgment order for failure to review these state-court issues. The requested review would run afoul of the *Rooker-Feldman* doctrine, as it would require the court to "determine that the state court judgment was erroneously entered" or to "take action that would render a state court judgment ineffectual." *Jordahl v. Democratic Party of Virginia*, 122 F.3d

192, 202 (4th Cir. 1997) (cleaned up). Thus, even if Campbell had challenged the service of process and notice in the state court proceeding prior to the summary judgment order—which she did not—the bankruptcy court did not err by omitting analysis of these procedures or by allowing the state court judgment to have preclusive effect. If Campbell sought to challenge the state court judgment, she should have done so in state court.

Campbell also briefly argues on appeal that the bankruptcy court's "reliance on a void state judgment" to hold the debt nondischargeable as a matter of law "violated Appellant's due process rights" and the full faith and credit requirements set forth in 28 U.S.C. § 1738. (Appellant Br. at 1.) She contends that "[b]ecause the Rappahannock judgment is void for lack of service, it cannot . . . form the basis for nondischargeability." (*Id.* at 3.) Once again, nothing in the record on appeal shows that Campbell had challenged the validity of the state court judgment prior to the bankruptcy court's summary judgment order. Thus, the bankruptcy court could not have violated due process by applying preclusion doctrine and granting Garrett summary judgment. This court will affirm the bankruptcy court's summary judgment order.

### B. Garrett's Motion for Expedited Dismissal and Sanctions (Dkts. 13, 15)

In her motions for expedited dismissal and award of damages, Garrett argues that Campbell's appeal is "frivolous," "without merit," and filed with the objective "to hinder and delay Garrett from enforcing the State Court Judgment against [Campbell]." (Dkt. 13 at 9–10, Dkt. 15 at 1–7.) Garrett claims that Campbell's representations about being absent from Virginia in early 2020 are "false." (Dkt. 13 at 10.) Garrett also alleges that Campbell's arguments about defective state court notice and inadequate service of process are clearly

frivolous, as none of the authorities cited in her brief support her position, and Campbell provides no other basis for reversing the bankruptcy court's order. (*Id.* at 10–11.)

Federal Rule of Bankruptcy Procedure 8020(a) provides that "[i]f the district court or BAP determines that an appeal is frivolous, then after a separate motion is filed or the court gives notice and a reasonable opportunity to respond, it may award just damages and single or double costs to the appellee." This court's decision of "[w]hether to grant sanctions even for a frivolous appeal is discretionary." *In re Nat'l Energy & Gas Transmission, Inc.*, No. CIV.A. DKC08-3497, 2009 WL 2229784, at *4 (D. Md. July 22, 2009). Further, Federal Rule of Bankruptcy Procedure 9011, which tracks closely with Federal Rule of Civil Procedure 11, allows a court to sanction a party for violating the certification requirement by, for example, presenting a document to the court "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase litigation costs." Fed. R. Bankr. P. 9011(b)–(c).

After carefully considering the motion, record, and case law, the court will deny Garrett's requested award of damages, costs, and sanctions. The court recognizes that Campbell's appeal is not supported by existing law. However, given that Campbell is proceeding *pro se* and has not yet tried to raise these arguments regarding notice and service of process on appeal, the court does not find that Campbell's conduct warrants sanctions. The court gives Campbell the benefit of the doubt at this time, as navigating bankruptcy court can be challenging for *pro se* litigants. However, the court cautions Campbell that future filings regarding the same issues may not be afforded the same leniency and may lead to sanctions.

## IV. Conclusion

For the foregoing reasons, the court will **AFFIRM** the order from the U.S. Bankruptcy Court for the Western District of Virginia, dated June 4, 2025, and will **DISMISS** this appeal. The court will **DENY** Garrett's motions for expedited relief and sanctions. (Dkts. 13, 15.)

An appropriate Order will issue.

**ENTERED** this __9th__ day of January, 2026.

_/s/ Jasmine H. Yoon_
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE