CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
April 22, 2026

LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| Kathy Jean Campbell, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Case No. 3:25-cv-00050 |
| | ) | |
| Julie A. Garrett, | ) | |
| | ) | |
| Appellee. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on Appellant Kathy Jean Campbell's motion for stay pending appeal, (Dkt. 27), and Appellee Julie A. Garrett's motion for summary disposition and sanctions, (Dkt. 32). For the following reasons, the court will deny both motions.

### I.     Motion for Stay Pending Appeal

On February 9, 2026, Campbell moved for entry of a stay pending appeal pursuant to Federal Rule of Civil Procedure 62 and Federal Rule of Bankruptcy Procedure 8025. (Dkt. 27.) She requests that the court stay "[a]ny and all collection activity, including garnishment, execution, levy, and enforcement of any judgment," and "[a]ny and all post-judgment discovery, including debtor interrogatories, subpoenas, or requests for financial information." (*Id.* at 1.) On February 16, 2026, Garrett responded in opposition to the motion for stay. (Dkt. 31.)

Rule 8025 allows a district court to "stay its judgment pending an appeal to the court of appeals" on "a party's motion with notice to all other parties to the appeal."[1]  Fed. R. Bankr. P. 8025.  A stay pending appeal may also be sought under Federal Rule of Civil Procedure 62, which is incorporated into the Federal Rules of Bankruptcy Procedure under Rule 7062.  *See* Fed. R. Bankr. P. 7062; Fed. R. Civ. P. 62.  Under Rule 62(b), a party may obtain a stay "by providing a bond or other security."  Fed. R. Civ. P. 62(b).  "The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security."  *Id.*

But Campbell seeks a stay pending appeal "without bond."  (*See* Dkts. 27, 27-1.)  Courts have the discretion under Rule 62 to grant a stay with "reduced bond requirements."  *Moses Enters., LLC v. Lexington Ins. Co.*, No. 3:19-cv-00477, 2022 WL 1132165, at *1 (S.D.W. Va. Apr. 15, 2022); *Dillon v. City of Chicago*, 866 F.2d 902, 904 (7th Cir. 1988) (explaining that a judgment debtor "may move that the district court employ its discretion to waive the bond requirement").  However, a reduced bond is appropriate only (1) when the judgment debtor "can currently easily meet the judgment and demonstrates that it will maintain the same level of solvency during appeal," or (2) "when the judgment debtor's present financial condition is such that the posting of a full bond would impose an undue financial burden."  *Moses Enters., LLC*, 2022 WL 1132165, at *1 (cleaned up) (quoting *Alexander v. Chesapeake, Potomac, &*

---

[1] Rule 8025 is derived from former Federal Rule of Bankruptcy Procedure 8017, which was effective until 2014.  *See* Fed. R. Bankr. P. 8025 advisory committee's note to 2014 amendment.  Because the intervening changes to the Rule were largely stylistic and do not alter this court's standard of review, the court can rely on case law applying former Rule 8017 in support of its Rule 8025 analysis.  *See In re Anderson*, 560 B.R. 84, 88 & n.3 (S.D.N.Y. 2016); *Southstar Cap. Grp., I, LLC v. 1662 Multifamily LLC*, No. 6:18-cv-01453, 2019 WL 13246527, at *1 (M.D. Fla. Dec. 23, 2019).

*Tidewater Books, Inc.*, 190 F.R.D. 190, 193 (E.D. Va. 1999)); *see Acevedo-Garcia v. Vera-Monroig*, 296 F.3d 13, 17 (1st Cir. 2002). Campbell offers no evidence about her present financial condition. Her request merely contains a conclusory reference to her "financial hardship." (Dkt. 27 at 1.) This does not suffice to justify a waiver of the bond requirement.

Additionally, to determine whether a stay pending appeal is appropriate under Rule 8025 and Rule 62, courts look to the same four factors as evaluated in a motion for preliminary injunction. *See Coler v. Draper*, CIV. WDQ-12-2020, 2012 WL 5267436, at *3 (D. Md. Oct. 23, 2012) ("In the Fourth Circuit, the standard for a stay pending appeal of a bankruptcy court's decision is that for a preliminary injunction."); *Nken v. Holder*, 556 U.S. 418, 433–34 (2009). The court assesses whether: (1) the movant "will likely prevail on the merits of the appeal," (2) the movant "will suffer irreparable injury if the stay is denied," (3) "other parties will not be substantially harmed by the stay," and (4) "the public interest will be served by granting the stay." *In re River Rock Cottages, LLC*, No. 3:08-cv-00187, 2008 WL 2001814, at *2 (W.D.N.C. May 7, 2008) (quoting *In re Ward*, 184 B.R. 253, 255 (Bankr. D.S.C. 1995)); *see In re Anderson*, 560 B.R. 84, 88–89 (S.D.N.Y. 2016) (applying the factors to a Rule 8025 motion for stay pending appeal); *Moses Enters., LLC*, 2022 WL 1132165, at *1 (applying the factors to a Rule 62 motion for stay pending appeal).

Campbell bears the burden of showing these factors are fulfilled in this case. *See Holmes v. Trowbridge Realty Corp.*, No. 1:23-cv-003056, 2024 WL 184347, at *2 (D. Md. Jan. 17, 2024). In her motion, Campbell does not present any facts or authority showing that she is likely to succeed on the merits of this appeal. *See BDC Cap., Inc. v. Thoburn Ltd. P'ship*, 508 B.R. 633,

637 (E.D. Va. 2014) (denying a stay pending appeal in a bankruptcy case where the litigant cited no authority showing a likelihood of success). Similarly, she does not provide any argument or evidence as to how she will be irreparably harmed. *See In re River Rock*, 2008 WL 2001814, at \*2 (denying a motion for stay pending appeal in a bankruptcy case where debtor-appellant "present[ed] no argument as to how it will be irreparably harmed"). Campbell briefly mentions her "financial hardship and the equities of the case," (*see* Dkt. 27 at 1), but this is not enough to demonstrate irreparable harm. Nor does Campbell address whether a stay would harm other parties, or whether the public interest is served by entry of a stay.

Even under the liberal construction afforded to *pro se* plaintiffs, Campbell has failed to show any of the four factors justifying a stay pending appeal. Accordingly, the court will deny Campbell's motion.

## II.    Motion for Sanctions

In response to Campbell's motion for stay pending appeal, Garrett "renews" her motion for sanctions that she had filed before the court's order and final judgment. (Dkt. 31 at 6; Dkt. 32 at 3.) She argues that Campbell's appeal violates Federal Rule of Civil Procedure 11 because it is frivolous and "utterly without merit." (Dkt. 31 at 3.) Garrett contends that, because this court and the bankruptcy court have each warned Campbell about complying with different Federal Rules of Bankruptcy and legal procedures in their previous orders, sanctions are now warranted in light of this motion for stay pending appeal. (*Id.* at 1–3.) The court recognizes that Campbell is a *pro se* litigant who lacks formal legal training. Moreover, this court's previous rulings did not discuss the standards for a motion for stay pending appeal

under Rule 8025.   Accordingly, the court declines to impose sanctions simply because Campbell filed this motion for stay pending appeal.

### III.    Conclusion and Order

For the foregoing reasons, the court **DENIES** Campbell's motion for stay pending appeal.   (Dkt. 27.)   The court **DENIES** Garrett's motion for summary disposition and sanctions.  (Dkt. 32.)

The Clerk is directed to send a copy of this Order to Campbell and all counsel of record.

**IT IS SO ORDERED.**

**ENTERED** this 22nd day of April, 2026.

HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE